## UNITED STATES COURT OF INTERNATIONAL TRADE

WHIRLPOOL CORPORATION,

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 14-00199

## CONSENT MOTION FOR PRELIMINARY INJUNCTION

Pursuant to section 516A(c)(2) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(c)(2), as well as Rules 7(f), 56.2(a) and 65(a) of the United States Court of International Trade, Plaintiff Whirlpool Corporation ("Whirlpool" or "Plaintiff"), by and through their counsel, allege and state as follows:

Plaintiff hereby applies to this Court for a preliminary injunction to enjoin the Defendant, the United States, or its delegates, officers, agents, and employees of the U.S. Customs and Border Protection ("CBP") and the International Trade Administration of the United States Department of Commerce (the "Department" or "Commerce"), during the pendency of this proceeding, including any related appeals and remands, from issuing instructions to liquidate, or from liquidating, any and all unliquidated entries of aluminum extrusions as subject to the scope (as amended) of the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China, *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011) and *Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011), and which:

1.      Were exported by Kromet International Inc., Dongguan Golden Tiger Hardware
        Industrial Co., Ltd., Guangdong Whirlpool Electrical Appliances Co., Ltd.,
        Hanyung Alcobis Co., Ltd., Henan New Kelong Electrical Appliances, Co., Ltd.,
        or Shanghai Tongtai Precise Aluminum Alloy Manufacturing Co., Ltd.
        (collectively "Whirlpool's Suppliers");

2.      Were imported by Whirlpool Corporation;

3.      Were entered, or withdrawn from warehouse, for consumption on or after
        September 7, 2010;

4.      And remain unliquidated as the effective date of this Order.

Pursuant to USCIT Rule 56.2(a), this motion is timely as it is filed within 30 days after

service of the complaint in this action. This Court has the authority to grant the requested

injunctive relief under Section 516A of the Tariff Act of 1930, as amended (the "Act"), 19

U.S.C. § 1516a(c)(2).

## BACKGROUND

Whirlpool is an importer of kitchen appliance handles that include aluminum extrusions

produced in the People's Republic of China. Based on its status as an importer of such kitchen

appliance handles, Whirlpool filed two scope ruling requests with the Department of Commerce

relating to its imports of kitchen appliance handles containing aluminum extrusions from China.

On December 18, 2013, Whirlpool filed a scope ruling request with the Department of

Commerce relating to its imports of kitchen appliance handles with plastic end caps ("appliance

handles with end caps"). On January 8, 2014, Whirlpool filed a second scope ruling request with

the Department of Commerce ("the Department") relating to its imports of kitchen appliance

handles without plastic end caps ("appliance handles without end caps"). The Department issued

its final scope ruling with respect to both appliance handles with end caps and appliance handles

without end caps on August 4, 2014. Memorandum to Christian Marsh, Deputy Assistant

Secretary for Antidumping and Countervailing Duty Operations, through Melissa G. Skinner,

Director, Office III, Operations, from Eric B. Greynolds, Program Manager, Office III,

Antidumping and Countervailing Duty Operations, Regarding Final Scope Ruling on Kitchen

Appliance Door Handles With Plastic End Caps and Kitchen Appliance Door Handles Without

Plastic End Caps (Aug. 4, 2014) ("Scope Ruling").  Through this action Plaintiff is challenging

certain aspects of the Scope Ruling on the ground that errors made by the Department in its

analysis resulted in an incorrect determination by the Department that appliance handles with

and without handles fall with the scope of the antidumping and countervailing duty orders

concerning aluminum extrusions from the People's Republic of China.

Absent an injunction preventing liquidation of Plaintiff's entries as subject to the scope of

the antidumping and countervailing duty orders on aluminum extrusions from China, however,

the Department will or may issue instructions to CBP to proceed with liquidation of entries of

aluminum extrusions that are the subject of this action. *See Aluminum Extrusions From the*

*People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2010*

*and 2011*, 79 Fed. Reg. 106 (Jan. 2, 2014), at 108 ("The Department intends to issue appropriate

assessment instructions directly to U.S. Customs and Border Protection (CBP) 15 days after the

date of publication of these final results. . . .") and *Aluminum Extrusions From the People's*

*Republic of China: Final Results of Antidumping Duty Administrative Review and Rescission, in*

*Part, 2010/12*, 79 Fed. Reg. 96 (Jan. 2, 2014), at 100 ("The Department intends to issue

appropriate assessment instructions directly to U.S. Customs and Border Protection (CBP) 15

days after the date of publication of these final results. . . ."). If liquidation occurs, Plaintiff will

be irreparably harmed by the foreclosure of any meaningful opportunity to seek judicial review of the Scope Ruling that is the subject of this action.[1]

## ARGUMENT

Congress has authorized this Court to enjoin the liquidation of entries of merchandise covered by an administrative review upon a request for injunctive relief and a proper showing that the relief should be granted. *See* 19 U.S.C. § 1516a(c)(2). Among the actions as to which judicial review is authorized are actions seeking judicial review of a Commerce determination "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order. *See* 19 U.S.C. § 1516(a)(2)(B)(vi). This Court considers the following factors in deciding whether or not to issue a preliminary injunction:  (1) the threat of immediate, irreparable harm; (2) the balance of hardships on the parties; (3) the public interest; and (4) the likelihood of success on the merits. *See Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed. Cir. 1983).  In this instance, each factor supports Plaintiff's request for a preliminary injunction.

## I.    Plaintiff Will Be Irreparably Harmed Without The Requested Relief.

In 19 U.S.C. § 1516a(a), Congress deliberately provided for the right to judicial review of the Department's determinations to aid effective enforcement of the antidumping and countervailing duty laws. *See Zenith,* 710 F.2d at 811.  This judicial review is Plaintiff's only

---

[1]  Liquidation of Whirlpool's and Whirlpool's Suppliers' entries during the first countervailing administrative review period is currently enjoined pursuant to this Court's preliminary injunction issued on January 27, 2014 in *Whirlpool Corp. v. United States*, CIT 14-00028 (consolidated under *Tai Shan City Kam Kiu Aluminium Extrusion Co. Ltd. v. United* States, CIT 14-00016).  Whirlpool intends to file a stipulation of dismissal pursuant to Rules 41(a)(1)(A)(ii) and 56.2(g) of this Court with respect to court number 14-00028.

meaningful avenue to challenge the decisions reflected in the Department's Scope Ruling. If

CBP proceeds with liquidation based on instructions from the Department, unliquidated entries

covered by the Scope Ruling would or could be liquidated and duties assessed in accordance

with such instructions, and could not be reliquidated at a lower rate, regardless of the outcome of

this Court's review of Plaintiff's action. Plaintiff's right to judicial review of the Department's

Scope Ruling, thus, would become moot. *See* 19 U.S.C. § 1516a(c)(1) ("Unless such liquidation

is enjoined by the court . . . entries of merchandise of the character covered by a determination .

. . shall be liquidated in accordance with the determination . . . .").

Accordingly, a preliminary injunction to prevent liquidation is necessary to protect

Plaintiff's right to judicial review of the Department's Scope Ruling. This Court has made clear

that the deprivation of this right of judicial review constitutes irreparable harm and has often

granted preliminary injunctions under similar circumstances. *See, e.g., Zenith Radio Corp. v.*

*United States*, 710 F.2d 806 (Fed. Cir. 1983); *IPSCO, Inc. v. United States,* 12 C.I.T. 676, 684,

692 F. Supp. 1368, 1375 (1988); *Ceramica Regiomontana, S.A. v. United States*, 7 C.I.T. 390,

397, 590 F. Supp. 1260, 1265 (1984). By contrast, the continued suspension of liquidation of

these entries would not cause any particular hardship for the United States, as it represents

merely a continuation of the status quo.

The "crucial factor" in granting a preliminary injunction "is irreparable injury." *Corus*

*Group PLC v. Bush*, 26 CIT 937, 942, 217 F. Supp. 2d 1347, 1354 (2002). For that reason, this

Court has held that "{i}njunctions are virtually automatic if a party, either foreign or domestic,

seeks an injunction in the context of a challenge to an annual review determination." *Algoma*

*Steel Corp. v. United States*, 12 CIT 802, 806 n.6, 696 F. Supp. 656, 660 n.6 (1988); *accord*

*Ugine-Savoire Imphy v. United States*, 24 CIT 1246, 1249 n.3, 121 F. Supp. 2d 684, 688 n.3

(2000) ("*Zenith*...granted plaintiffs a *per se* right to a preliminary injunction enjoining liquidation of unliquidated entries pending final judicial review of administrative review determinations."). Accordingly, even if the other factors did not support injunctive relief (although they do), this Court could still issue an injunction based on the nature of the irreparable harm to Plaintiff.

## II.     The Balance Of Hardships On The Parties Favors Plaintiff.

Any hardship to the United States is outweighed by the harm to Plaintiff if an injunction were not issued. Without an injunction, the United States will or may liquidate entries and Plaintiff will lose its right to obtain the benefits of judicial review of the Department's Scope Ruling. By contrast, the United States will suffer no hardship because the suspension of liquidation is, at most, an inconvenience for the Government. This Court has routinely issued preliminary injunctions in similar cases involving the same balance of hardships. *See, e.g., OKI Elec. Indus. Co. v. United States,* 11 C.I.T. 624, 669 F. Supp. 480 (1987); *Timken Co. v. United States,* 6 C.I.T. 76, 569 F. Supp. 65 (1983).

## III.     The Public Interest Is Best Served By The Issuance Of An Injunction.

The public interest is best served through the effective enforcement of the trade law and through accurate assessments of antidumping and countervailing duties. As this Court has said, "{a}s for the public interest, there can be no doubt that it is best served by ensuring that the ITA complies with the law, and interprets and applies our international trade statutes  uniformly and fairly." *Ceramica Regiomontana, S.A. v. United States,* 7 C.I.T. 390, 397, 590 F. Supp. 1260, 1265 (1984); *accord Neenah Foundry Co. v. United States,* 24 C.I.T. 33, 43, 86 F. Supp. 2d 1308, 1317 (2000). Accordingly, the public interest is served here "by the procedural safeguard of an injunction *pendente lite* to maintain the status quo of the unliquidated entries until a final

resolution of the merits" can determine the lawfulness and correctness of the final conclusions reached by the Department in the Scope Ruling. *Smith-Corona Group v. United States*, 1 C.I.T. 89, 98, 507 F. Supp. 1015, 1023 (1980).

## IV.   Plaintiff's Complaint Raises Serious and Substantial Questions That Are the Proper Subject of Litigation.

Plaintiff has established that it will suffer irreparable harm without an injunction. Under these circumstances, "it will ordinarily be sufficient that the movant has raised questions which are 'serious, substantial, difficult and doubtful.'" *Timken Co.*, 6 C.I.T. at 80, 569 F. Supp. at 70 (*quoting County of Alameda v. Weinberger*, 520 F.2d 344, 349 n.12 (9th Cir 1975)). Accordingly, Plaintiff needs only to make a minimal showing of a likelihood of success on the merits.

Plaintiff's Complaint raises serious and substantial issues regarding the Department's Scope Determination that the kitchen appliance handles described by Whirlpool in its two scope review requests fall within the scope of the countervailing and antidumping duty orders on aluminum extrusions from the People's Republic of China. These issues are squarely within the purview of the Court, have a substantial potential impact on the calculation of antidumping and countervailing duties owed, and raise serious questions of law. On these bases, Plaintiff has satisfied the standard of raising questions that are "serious, substantial, difficult and doubtful" needed to show a likelihood of success on the merits.

### CONSENT OF THE PARTIES

In accordance with USCIT Rule 7(b), on August 28, 2014, Donald Harrison, Esq., of Gibson, Dunn & Crutcher LLP, counsel to Plaintiff, consulted with Tara Hogan, Esq., of the United States Department of Justice, counsel to Defendant the United States. Defendant, the

United States, consents only to the precise terms of the proposed order, pursuant to the statutory framework as explained in *Qingdao Taifa Group Co. v. United States*, 581 F.3d 1375, 1380 (Fed. Cir. 2009) (citing 19 U.S.C. § 1516a(c)(2)).  Therefore, notwithstanding the factors necessary for the issuance of ordinary injunctions under Rule 65, the United States consents to the injunction, without conceding any likelihood of success on the merits.  *See Munaf v. Geren*, 553 U.S. 674 (2008) (requiring showing of likelihood of success of *habeas* petition before enjoining transfer of detainee to foreign location).  Likewise, the United States does not seek security pursuant to Rule 65(c) in this case, because the cash deposits of estimated duties paid at the time of entry, 19 U.S.C. § 1673e(a)(3), provide sufficient security in this matter.  Lastly, unlike ordinary preliminary injunctions, section 1516a(c)(2) injunctions may extend through all appeals and, thus, the United States does not oppose the duration of this injunction.  *Yancheng Baolong Biochem. Prods. Co. v. United States*, 406 F.3d 1377 (Fed. Cir. 2005).  At this time, no other parties have appeared or sought to appear in this civil action.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this consent motion and enjoin the United States from issuing instructions to liquidate or from liquidating, all entries of aluminum extrusions from the People's Republic of China exported by Kromet International Inc., Dongguan Golden Tiger Hardware Industrial Co., Ltd., Guangdong Whirlpool Electrical Appliances Co., Ltd., Hanyung Alcobis Co., Ltd., Henan New Kelong Electrical Appliances, Co., Ltd., or Shanghai Tongtai Precise Aluminum Alloy Manufacturing Co., Ltd. and imported by Whirlpool as subject to the scope (as amended) of the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic China, and which were entered, or withdrawn from warehouse, for consumption on or after September 7, 2010, and

remain unliquidated as of the effective date of this Order, during the pendency of this and any other appeals, as well as any remands.  A proposed preliminary injunction for this Court's consideration is attached.

Respectfully submitted,

/s/ Donald Harrison

Donald Harrison
J. Christopher Wood
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone: (202) 955-8500
*Counsel to Whirlpool Corporation*

Date: August 29, 2014

101662984.4

9

## UNITED STATES COURT OF INTERNATIONAL TRADE

WHIRLPOOL CORPORATION,

           Plaintiff,

     v.

UNITED STATES,

           Defendant.

Court No. 14-00199

## [PROPOSED] PRELIMINARY INJUNCTION

Upon consideration of Plaintiff Whirlpool Corporation's Consent Motion For Preliminary Injunction (Plaintiff's Motion") to enjoin liquidation of certain entries, and pursuant to section 516A(c)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(c)(2), the Court having reviewed the pleadings and papers on file herein, and good cause appearing therefor, it is hereby

**ORDERED** that Plaintiff's Consent Motion for a Preliminary Injunction is GRANTED; and it is further

**ORDERED** that Defendant, the United States, together with its delegates, officers, agents, and employees of the International Trade Administration of the U.S. Department of Commerce and U.S. Customs and Border Protection of the U.S. Department of Homeland Security, shall be, and hereby are, enjoined during the pendency of this litigation in the U.S. Court of International Trade and any remands or appeals therefrom from liquidating or causing or permitting liquidation of any unliquidated entries of subject aluminum extrusions from the People's Republic of China as subject to the scope (as amended) of the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic China, *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011) and *Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011) that:

1. Were exported by Kromet International Inc., Dongguan Golden Tiger Hardware Industrial Co., Ltd., Guangdong Whirlpool Electrical Appliances Co., Ltd., Hanyung Alcobis Co., Ltd., Henan New Kelong Electrical Appliances, Co., Ltd., or Shanghai Tongtai Precise Aluminum Alloy Manufacturing Co., Ltd.;

2. Were imported by Whirlpool Corporation;

3. Were entered, or withdrawn from warehouse, for consumption on or after September 7, 2010;

4.  And that remain unliquidated as of the effective date of this Order;

and it is further

     **ORDERED** that this injunction shall expire upon entry of a final and conclusive court decision in this litigation, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e); and it is further

     **ORDERED** that the entries covered by this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided for in 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e).

     **SO ORDERED.**


_____
                                 JUDGE


Dated: _____, 2014
       New York, New York

101784662v3

2

*Whirlpool Corporation v. United States*
*Court No. 14-00199*

### CERTIFICATE OF SERVICE

Pursuant to USCIT R. 5 and Paragraphs 5 and 6 of Administrative Order 02-01 of the U.S. Court of International Trade, the undersigned hereby certifies that, on August 29, 2014, I have caused service of the following documents:

- Consent Motion for Preliminary Injunction
- Proposed Preliminary Injunction

to be made upon the parties listed below by UPS next-day delivery service, except where indicated:

*On behalf of the United States*

The Attorney General of the United
States
c/o the Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza, Room 346
New York, NY 10278

(via the Court of International
Trade's CM/ECF System)

*On behalf of the United States*

Supervising Attorney
Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005

*On behalf of the United States*

General Counsel of the
U.S. Department of Commerce
c/o John D. McInerney, Esq.
Office of the Chief Counsel for Trade
Enforcement and Compliance
U.S. Department of Commerce
14th & Constitution Avenue NW
Mail Stop 5875 HCHB
Washington, D.C. 20230

/s/Donald Harrison

Donald Harrison
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
*Counsel to Whirlpool Corporation*