UNITED STATES COURT OF INTERNATIONAL TRADE

WHIRLPOOL CORPORATION,

        Plaintiff,

v.

UNITED STATES,

        Defendant.

Court No. 14-00199

## PRELIMINARY INJUNCTION

Upon consideration of Plaintiff Whirlpool Corporation's Consent Motion For Preliminary Injunction (Plaintiff's Motion") to enjoin liquidation of certain entries, and pursuant to section 516A(c)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(c)(2), the Court having reviewed the pleadings and papers on file herein, and good cause appearing therefor, it is hereby

**ORDERED** that Plaintiff's Consent Motion for a Preliminary Injunction is GRANTED; and it is further

**ORDERED** that Defendant, the United States, together with its delegates, officers, agents, and employees of the International Trade Administration of the U.S. Department of Commerce and U.S. Customs and Border Protection of the U.S. Department of Homeland Security, shall be, and hereby are, enjoined during the pendency of this litigation in the U.S. Court of International Trade and any remands or appeals therefrom from liquidating or causing or permitting liquidation of any unliquidated entries of subject aluminum extrusions from the People's Republic of China as subject to the scope (as amended) of the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China, *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011) and *Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011) that:

1. Were exported by Kromet International Inc., Dongguan Golden Tiger Hardware Industrial Co., Ltd., Guangdong Whirlpool Electrical Appliances Co., Ltd., Hanyung Alcobis Co., Ltd., Henan New Kelong Electrical Appliances, Co., Ltd., or Shanghai Tongtai Precise Aluminum Alloy Manufacturing Co., Ltd.;

2. Were imported by Whirlpool Corporation;

3. Were entered, or withdrawn from warehouse, for consumption on or after September 7, 2010;

4. And that remain unliquidated as of the effective date of this Order; and it is further

**ORDERED** that this injunction shall expire upon entry of a final and conclusive court decision in this litigation, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e); and it is further

**ORDERED** that the entries covered by this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided for in 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e).

**SO ORDERED.**

    /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: August 29, 2014
    New York, New York